# United States District Court

---------- DISTRICT OF SOUTH DAKOTA ----------

SOUTHERN DIVISION

FILED
JUL 29 2005

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PURCELL PROVOST,

    Defendant.

**RECOMMENDED FINDINGS ON REVOCATION OF SUPERVISED RELEASE**

CASE NUMBER: 97-40086-02

This matter came before the court for hearing upon the Petition to Revoke Supervised Release on Friday, July 29, 2005. The defendant appeared in person and by his counsel, Assistant Federal Public Defender Tim Langley, while the United States of America appeared by Assistant United States Attorney, John Ulrich. Based upon the evidence adduced at the hearing, I hereby make the following recommended findings of fact and conclusions of law.

## Findings of Fact

Defendant is on supervised release pursuant to General, Standard and Special Conditions of Supervised Release as contained in the Judgment in a Criminal Case filed on March 26, 2003 (Doc. 246) and as modified on October 30, 2003 (Doc. 248).

**Allegation Numbered 6:**

Special Condition No. 1 of the defendant's Conditions of Supervised Release required that "Upon release, the defendant shall reside and participate in a community corrections facility program for three months and at other times as directed by the probation officer. The defendant shall be classified as a pre-release case."

Defendant admitted allegation number 6.

On or about July 8, 2005, at Sioux Falls, South Dakota, the defendant failed to reside and participate in the community corrections center, the ARCH Halfway House, and was terminated for cause because he absconded from the program in violation of Special Condition No. 1 of the Conditions of Supervised Release.

**Allegations Numbered 1, 2, 3, 4, and 5:**

Allegations 1, 2, 3, 4, and 5 were dismissed on motion of the government and in the interest of justice.

### Conclusions of Law

1. Failure to abide by the terms and conditions of supervised release provides a reasonable basis upon which to revoke supervised release.

2. Based upon the factual basis provided by the United States, the United States has proven by a preponderance of the evidence that the defendant has not met the conditions of his supervised release. See *United States v. Cotroneo*, 89 F.3d 510, 512 n.4 (8th Cir.), *cert. denied* 117 S.Ct. 533 (1996) and 18 U.S.C. § 3583(e)(3).

3. After conversing with the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed admission, that the defendant is aware of the nature of the charges and the consequences of the admission, and that the admission is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. It is, therefore, my report and recommendation that defendant's supervised release be revoked.

4. The United States Probation Office is hereby directed to prepare and submit to the United States District Court a supplemental pre-sentence investigation within twenty-one (21) days of the date of this report.

Notice to Parties

Any objections to these findings and conclusions must be served and filed within ten days of the date of service of this notice upon you. 28 U.S.C. §636(b)(1). If no objections are filed, the district court may adopt, reject, or modify these findings and conclusions. Moreover, the court may impose an appropriate sentence based upon these findings and conclusions following a hearing.

Dated this 29 day of July, 2005.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk
By _____, Deputy
(SEAL)